## HATCHER'S ADM'R vs. CLIFTON.

[TROVER FOR CONVERSION OF SLAVES.]

1. *Validity of order of sale of personalty by probate court.*—An order for the sale of slaves belonging to a decedent's estate, granted by the probate court on the application of the administrator, which application shows on its face that a sale was necessary for the purpose of paying the debts of the estate, is valid.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by William H. Hatcher, as the administrator *de bonis non* of James E. Hatcher, deceased, against Allen Clifton, to recover damages for an alleged conversion of several slaves, which the defendant purchased at a public sale made by Robert S. Hatcher, the administrator in chief of said estate, under an order of the orphans' court, which, as set out in the bill of exceptions, was as follows:

"Regular Orphans' Court,. February term, 1848.

"Robert S. Hatcher, adm'r,     Petition to sell slaves.

        *vs.*           This day came Robert S.

Heirs of James E. Hatcher.   Hatcher, administrator of the estate of James E. Hatcher, deceased, and files his petition for a sale of the slaves belonging to said decedent's estate; which said petition is ordered by the court to be filed and recorded, and is in the words and figures following: 'Your petitioner, Robert S. Hatcher, respectfully shows, that, by appointment of your honorable court, [he is] the administrator of all and singular the goods and chattels, rights and credits, which were of Jas.. E. Hatcher, deceased; that said intestate departed this life, owning and being seized of no real estate,—his estate consisting of seventeen negroes, with but little other effects; that said intestate was largely in debt at the time of his death, some of which indebtedness was in judgments, and executions thereon issued, and in the hands of the sheriff of said county, and levied before the death of said intestate; that under said executions six of said negroes were sold by the sheriff, leaving only eleven in number now belonging to said estate; that there are large and pressing debts against said estate still unpaid, and sufficient,. as your petitioner is advised, to consume the whole estate;. that said intestate, at the time of his death, left two children only, Henry and James Hatcher, his only legal heirs, infants under fourteen years of age; and that said intestate's wife departed this life before him. Petitioner prays your honorable court to make an appointment of guardian *ad litem* for said minors;. and that, upon final hearing,. your Honor would grant an order to sell said negroes, on a credit until the 1st January, 1849; and for such other

and further orders as may be deemed necessary.' (The affidavit of the administrator, annexed to the petition, is then copied into the order.) "Whereupon it is ordered by the court, that Thomas G. Rainer, of Cahaba, be appointed guardian *ad litem* to defend herein for said minors; which appointment said Rainer accepts, and is received by the court to defend herein for the said minors. And the said Rainer, guardian *ad litem* as aforesaid, comes now into court, and consents that said petition may be heard at this term of the court; but denies all and singular the allegations set forth in said petition, and calls for strict proof of the same. And it appearing from the proof advanced that the facts set forth in said petition are true, it is therefore ordered by the court, that the said administrator have leave to sell said slaves named in said petition, on giving notice of the time and place of said sale, at three or more public places in Dallas county, according to law; and that he make due return of the account of such sale to this court, within the time prescribed by law."

The court charged the jury, "that said order of the orphans' court was valid, and authorized the sale of said slaves by the administrator;" to which charge the plaintiff excepted, and which he now assigns as error.

Geo. W. Gayle, for the appellant.

E. W. Pettus, *contra.*

RICE, C. J.—The charge of the court below is correct. The order of the orphans' court, therein referred to, is clearly valid; because it was made, not only on the application of the administrator, but on an application which, upon its face, shows a necessity for the sale of the slaves for the lawful purpose of paying the debts of the estate. Upon *such an application by the administrator*, the jurisdiction of the orphans' court attached; and even if there was *error in the exercise* of that jurisdiction, the order of the court, when assailed *collaterally*, as here, could not be held invalid on account of the existence of such error.

Ikelheimer v. Chapman's Adm'rs, 32 Ala. 676; Wyatt v. Rambo, 29 Ala. 510; King v. Kent, 29 Ala. 542. Judgment affirmed.

STONE, J.—I agree with the majority of the court in affirming the judgment, but do not assent to the reasoning on which my brothers rest their opinion.—See Ikelheimer v. Chapman's Adm'rs, 32 Ala. 676.